## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 2:18-cr-178-DBH-001 |
| ) | |
| SHOU CHAO LI ) | |

### AGREEMENT TO PLEAD GUILTY
### (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Donald E. Clark, Acting United States Attorney for the District of Maine, and Darcie N. McElwee, Assistant United States Attorney, and Shou Chao Li (hereinafter "Defendant"), acting for himself and through his counsel, Mingli Chen, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. <u>Guilty Plea/Dismissal of Counts</u>. Defendant agrees to plead guilty to Counts One, Five through Seven, and Nine of the Indictment herein. Count One charges conspiracy, in violation of 18 U.S.C. §§ 371, 2421, 2422(a) & 1952(a)(3), (b)(1). Counts Five through Seven, and Nine charge transportation for purposes of prostitution, in violation of 18 U.S.C. §§ 2421 (a) and 2. The United States agrees that it will move to dismiss counts Two, Three, Four, and Eight of the Indictment pursuant to Rule 11(c)(1)(1)(A) at the time of sentencing. The parties agree and understand that if the court should deny that motion to dismiss, the provisions of Rule 11(c)(5) will apply.

2. <u>Sentencing/Penalties.</u> Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable to the charges described above are as follows:

- A. A maximum prison term of five (5) years on Counts One, and not more than ten (10) years on Counts Five through Seven, and Nine;

- B. A maximum fine of $250,000 on each of Counts One, Five through Seven, and Nine;

- C. A mandatory special assessment of $100.00 for each of Counts One, Five through Seven, and Nine, which Defendant agrees to pay at or before the time that he enters guilty pleas; and

- D. A term of supervised release of not more than three years. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to two additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

In addition to the other penalties provided by law, the Court must also order Defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

3. **Agreements Regarding Sentencing.** The parties agree to make the following non-binding recommendations as to sentencing:

- A. The base offense level for each count of conviction is 14 pursuant to U.S.S.G. § 2G1.1(a)(2);

- B. An enhancement of four levels is applicable because the offense involved fraud and coercion pursuant to § 2G1.1(b)(1)(B);

- C. Regarding Count One only, (5) levels are added pursuant to § 2G1.1(d)(1) and § 3D1.4 (multiple count adjustment) because the offense involved more than 5 victims;

- D. The parties agree to recommend that the Court find that Defendant has accepted responsibility for the offenses of conviction, and that the Court should reduce the Defendant's Adjusted Offense Level by three levels under U.S.S.G. § 3E1.1. The Government reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing, the Defendant: (a) fails to admit a complete factual basis for the plea; (b) fails to truthfully admit his conduct in the offense of conviction; (c) engages in conduct which results in an adjustment under U.S.S.G. § 3C 1.1; (d) falsely denies or frivolously contests relevant conduct for which the Defendant is accountable under U.S.S.G. § 1B1.3 or previous convictions that the defendant has sustained; or (e) engages in new criminal conduct. Defendant understands that he

2

        may not withdraw the guilty plea if, for any of the reasons listed above, the Government does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

The parties expressly agree and understand that should the Court reject either or both of the recommendations of the parties, Defendant will not thereby be permitted to withdraw his plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

    4.     Appeal Waivers. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

        A.     Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

        B.     A sentence of imprisonment that does not exceed 51 months.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

    5.     Consequences of Breach. If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

        A.     The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence

3

> or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.
>
> B. Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

6. Speedy Trial Waiver. Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 5 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

7. Forfeiture. Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States, including, but not limited to, the following assets: $2,000 in U.S. currency.

8. Immigration Status. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The parties agree and understand that the offense(s) to which Defendant is pleading guilty may

4

result in Defendant being removed from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

9. Validity of Other Agreements; Signature. This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 07/29/2021

_____
Shou Chao Li, Defendant

I am legal counsel for Shou Chao Li. I have carefully reviewed every part of this Agreement with Shou Chao Li. To my knowledge, Shou Chao Li's decision to enter into this Agreement is an informed and voluntary one.

Date: July 29, 2021

_____
Mingli Chen, Esquire
Attorney for Defendant

5

FOR THE UNITED STATES:	Donald E. Clark
　　　　　　　　　　　　　　Acting United States Attorney

Date: 7/29/2021

DNM

　　　　　　　　　　　　　　Darcie N. McElwee
　　　　　　　　　　　　　　Assistant U.S. Attorney

Approved:

　　　　　　　　　　　　　　Supervisory Assistant U.S. Attorney